UNITED STATES of America,

v.

Perry COUSINS, Defendant.

Criminal No. 4:10cr47–1.

United States District Court,
E.D. Virginia,
Newport News Division.

April 25, 2012.

Eric M. Hurt, Howard J. Zlotnick, Robert Edward Bradenham, II, Valerie S. Muth, United States Attorney Office, Newport News, VA, for Plaintiff.

Lawrence H. Woodward, Esquire, Virginia Beach, VA, Gregory B. Turpin, Esquire, Andrew A. Protogyrou, Esquire, Norfolk, VA, for Defendant.

## *OPINION AND ORDER*

REBECCA BEACH SMITH, Chief Judge.

This matter comes before the court on the government's Motion to Continue to Restrict Public Access to Trial Transcripts Pursuant to Fed.R.Crim.P. 49.1(e) ("Motion to Restrict"), filed on March 6, 2012. On March 15, 2012, the court entered a Show Cause Order, directing the government to comply with the requirements of Local Criminal Rule 49,[1] and extending the restriction period for electronic access, via PACER, to the trial transcripts through April 16, 2012. *See* Show Cause Order, ECF No. 263. The government filed its Response to the Court's Show Cause Order ("Response") on March 30, 2012.[2] The court further extended the restriction period until May 16, 2012, by Order of April 16, 2012.

---

1. This local rule addresses sealing records in criminal cases. See infra at 4.

2. The defendant has not responded to the government's Motion to Restrict. However, the defendant has little at stake in these proceedings; defense counsel already has copies of the transcripts, and is free to review such transcripts with the defendant so long as defense counsel does not copy the documents for defendant and/or defendant does not retain custody of the transcripts, which were prepared at government expense for use by court-appointed counsel on appeal. *See* Order 3–4, ECF No. 254. In effect, the Motion to Restrict instead directly impacts the public's interest in access to court documents, and the court evaluates it in light of that concern.

## I. Federal Rule of Criminal Procedure 49.1(e)(2)

The government cites Federal Rule of Criminal Procedure 49.1(e)(2) as authority for its request that the court continue [3] to restrict electronic access to the trial transcripts in this case. Mot. Restrict 1–2. Rule 49.1 was issued in response to section 205(c)(3) of the E–Government Act of 2002, Public Law No. 107–347, which directed the Supreme Court "to prescribe rules to protect privacy and security concerns relating to electronic filing of documents and the public availability ... of documents filed electronically." Fed.R.Crim.P. 49.1, Advisory Committee Notes (internal quotations omitted). Adopted in 2007, Rule 49.1(e) permits courts to prohibit third party electronic access to court records for good cause. *See* Fed.R.Crim.P. 49.1(e) ("Protective Orders. For good cause, the court may by order in a case: (1) require redaction of additional information; or (2) limit or prohibit a nonparty's remote electronic access to a document filed with the court."). The Advisory Committee Notes to the Rule clarify that:

> Subdivision (e) provides that the court can order in a particular case more extensive redaction than otherwise required by the Rule, where necessary to protect against disclosure to nonparties of sensitive or private information. *Nothing in this subdivision is intended to affect the limitations on sealing that are otherwise applicable to the court.*

*See* Fed.R.Crim.P. 49.1, Advisory Committee Notes (emphasis added).

Accordingly, the few courts to examine requests to restrict electronic access in detail under Rule 49.1 have analyzed those requests similarly to requests to seal. *See, e.g., United States v. Hardy,* No. 09–151, 2011 WL 1877671, at *3, 2011 U.S. Dist. *LEXIS* 52062, at *6–*7 (W.D.Pa. May 16, 2011) ("This Court is mindful that Defendant's argument under Rule 49.1(e) is not a motion to seal per se, but because the requested order would impose a dramatic restriction on access, the Court treats the order as analogous for purposes of this analysis."); *United States v. Konrad,* No. 11–15, 2011 WL 1549494, at *4–11, 2011 U.S. Dist. LEXIS 43206, at *12–34 (E.D.Pa. Apr. 19, 2011) (same). The courts in *Hardy* and *Konrad* thus began with the presumption that the public has a right to access judicial records, and then balanced countervailing considerations. *See Hardy,* 2011 WL 1877671, at *3–5, 2011 U.S. Dist. LEXIS 52062, at *9–*13; *Konrad,* 2011 WL 1549494, at *7–11, 2011 U.S. Dist. LEXIS 43206, at *22–*34. In both of those cases, defendants unsuccessfully sought to restrict access to transcripts detailing personal information, including mental health treatment and substance abuse issues. *Hardy,* 2011 WL 1877671, at *5, 2011 U.S. Dist. LEXIS 52062, at *13–*14; *Konrad,* 2011 WL 1549494, at *11–12, 2011 U.S. Dist. LEXIS 43206, at *34–*35.

In accordance with the Advisory Committee Notes and similar interpretations by other district courts, the court analyzes the government's Motion to Restrict analogously to a request to seal the trial transcripts. Local Criminal Rule 49 outlines the Eastern District of Virginia's procedure for sealing records, and specifies that "trial transcripts shall not be filed under seal except upon a showing of necessity demonstrated to the trial judge." Local Crim. R. 49(1). A request to seal must provide "[a] statement as to why sealing is necessary, and why another procedure will not suffice." *Id.* R. 49(D).

---

**3.** The court first extended the restriction period for electronic access to the trial transcripts on February 15, 2012. *See* Order, ECF No. 257. The restriction period is currently due to expire on May 16, 2012. *See supra* at 1.

█ More generally, "[t]he common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575. (4th Cir.2004) (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir.1988)).[4] This common law right of access creates a rebuttable presumption that judicial records are open to the public, which can be overcome only "if countervailing interests *heavily outweigh* the public interests in access." *Rushford v. The New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir.1988) (emphasis added). The party seeking a restriction on access "bears the burden of showing some significant interest that outweighs the presumption." *Id.* A court should consider less drastic alternatives to sealing the documents, and "state the reasons for its decision to seal supported by specific findings." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir.1984). The right of access "may be abrogated only in unusual circumstances." *Stone*, 855 F.2d at 182.

## II. Government's Argument

The government requests that the court restrict electronic access to the trial transcripts due to concerns about witness safety, and to prevent third parties from providing the defendant with copies of the transcripts from PACER to intimidate witnesses in federal custody. Mot. Restrict 1–2. The defendant previously "engaged in intimidating witnesses in the hopes that they would not come to trial and testify against him." *Id.* at 2. The government further asserts that unless the court restricts electronic access to the transcripts, "[a]ssociates of the defendant can easily provide him the transcripts in contravention of the purpose of this Court's directive to his court appointed counsel." Response 2.[5] The government also argues:

> The redaction of *only* identifying witness information, but not their actual testimony, would be insufficient to protect the witnesses. Their identity from the trial is known to the defendant; he can easily connect their disclosed testimony to their identity. Protecting the content of the at-risk witness testimony is paramount.

*Id.* (emphasis in original). The government identified twenty-two at-risk witnesses in its Response whose testimony it believes should be restricted. *Id.*

## III. Analysis

█ The court begins its analysis by recognizing that the government's request to restrict non-party access to significant portions of the trial transcripts in this case necessarily impinges on the public's com-

---

4. The First Amendment also provides expanded protection of the public's private right of access for certain documents. *See Va. Dep't of State Police*, 386 F.3d at 575–76. Restriction of such documents requires a compelling interest and must be "narrowly tailored to serve that interest." *Id.* at 575. The court does not need to reach the constitutional issue here because it finds that consideration of the common law right of public access is sufficient to resolve the government's Motion to Restrict; however, the trial transcripts presumably would be entitled to protection under the First Amendment as well. *See generally In re Washington Post Co.*, 807 F.2d 383 (4th Cir.1986).

5. The government previously objected to defense counsel's request to provide the defendant with copies of the trial transcripts from this case during the pendency of defendant's appeal. *See* Government's Objection to Release of Trial Transcripts to the Defendant, ECF No. 251 ("Objection"). The court denied defense counsel's request, citing these same considerations of witness safety, but specified that defense counsel may review the transcripts with the defendant so long as the defendant does not retain any copies. *See* Order 3–4, ECF No. 254; Order 4, ECF No. 256 (denying defendant's identical request); *supra* note 2.

mon right of access. *See, e.g., Stone,* 855 F.2d at 180 ("[T]he common law presumption in favor of access attaches to all judicial records and documents.") (internal quotations omitted). The public's interest in access to information about a criminal trial is particularly crucial. *See Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 604, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980) (Blackmum, J., concurring) ("[T]he public has an intense need and a deserved right to know about the administration of justice in general; about the prosecution of local crimes in particular; about the conduct of the judge, the prosecutor, defense counsel, police officers, other public servants, and all the actors in the judicial arena; and about the trial itself."). Thus, the government must provide a significant countervailing interest to overcome the presumption that such documents should remain accessible to the public. *See Rushford,* 846 F.2d at 253. Concerns about witness safety and intimidation, such as those laid out by the government in its Objection and its Motion to Restrict, can be such significant interests. *See, e.g., In re Application of Nat'l Broad. Co.,* 653 F.2d 609, 620 (D.C.Cir.1981) (stating that "the interest in avoiding injury to innocent third persons" can be a significant interest justifying restriction of access to court documents).

The court sympathizes with the government's concerns for witness safety.[6] However, as detailed below, the court cannot protect the content of twenty-two witnesses' testimony already presented at a public trial through full redaction of their testimony from the trial transcripts at this late· stage. Further, the government's proposed remedy is simply too broad to be justified by the possibility that the defendant could subsequently obtain the transcripts, given the clear presumption that

court records should be, and remain, accessible to the public. Although imposition of a less intrusive remedy would have presented a closer question, the government has not presented sufficient significant interests to outweigh the public's right of access to the trial transcripts in this case.

### A. Protecting Content of Witness Testimony Is an Insufficient Countervailing Interest

■ Examining first the government's expressed concern with protection of the content of the witnesses' testimony, which it classifies as "paramount," *see* Response 2, the court does not find that the government has presented a sufficient interest for restriction. The government argues that any measure short of full redaction of the content of the testimony would be insufficient to protect the witnesses from intimidation, because the defendant already knows the witnesses' identity from trial, and "he can easily connect their disclosed testimony to their identity." *Id.* However, the defendant is just as familiar with the content of the witnesses' testimony as he is with their identities—such testimony was given freely at the defendant's *public* trial in his presence. Further, the court has highlighted the defendant's ability to review the full trial transcript with his attorney, meaning all of the information that the government seeks to redact is readily reviewable by the defendant.[7] Any attempt to protect *the content* of the transcript from the defendant by restricting public access, therefore, would be futile, and cannot justify such restrictions.

■ Similarly, to whatever extent the government argues that the content of the witnesses' testimony must be protected from disclosure to non-parties, the govern-

---

6. *See supra* Part II.

7. *See supra* notes 2, 5.

ment's request for redaction comes far too late to be meaningful. If the government had significant concerns for the safety of the witnesses in this case based on *the content* of their testimony, a request to protect or seal their testimony should have come before, or at least during, trial in this case.[8] Instead, the request came at the "twelfth hour."[9] At this late stage, more than ten months after testimony was given without restriction at public trial,[10] the court cannot undo any potential impact of public disclosure of this information.

### B. Restriction to Prevent Defendant from Receiving Transcripts Sweeps Too Broadly

■ Conversely, the government does express a specific interest in witness safety concerning the defendant's ability to use physical copies of the transcripts to intimidate witnesses serving time in federal prison. The court shares this concern, which was the basis of the court's denial of defense counsel's, and defendant's own, request to provide the defendant with copies of the transcripts in this case.[11] The government argues that without redaction, third parties may access the trial transcripts through PACER and provide the defendant with copies of the documents, thereby circumventing the purpose of the court's previous orders.

However, the court cannot find this concern sufficient to support redaction of the witnesses' full testimony over the pre-

sumption of public access. As discussed above,[12] the defendant is already aware of the relevant information from trial; to the regret of this court, it is relatively powerless at this late date to prevent the defendant from intimidating witnesses concerning their testimony, should the defendant attempt to do so. The government's interest in restriction thus rests solely on the possibility, necessarily hypothetical, that a non-party will access the court records and provide them to the defendant in circumvention of this court's prior orders, and that the defendant will use *those physical documents* to intimidate witnesses.

Even if the court accepts this scenario as plausible, moreover as a significant interest sufficient to "heavily outweigh" the presumption of public access, redaction of the full testimony of twenty-two witnesses from the public record sweeps far too broadly. The potential safety concerns cited by the government, due to electronic publication of the transcripts, depend on (1) the transcripts being accessed by a non-party, (2) physical copies of those transcripts being provided to the defendant, and (3) the susceptibility of those physical documents, independent from the current knowledge and ability of the defendant, to be used to target or harass the witnesses. Although the government argues that preventing the first step, via full redaction of all of the at-risk witnesses' testimony, is the sole remedy to this danger, numerous less restrictive methods ex-

---

8. "It is a 'well-established principle of American jurisprudence that the release of information in open trial is a publication of that information and, if no effort is made to limit its disclosure, operates as a waiver of any rights a party had to restrict its further use.'" *Glaxo Inc. v. Novopharm Ltd.*, 931 F.Supp. 1280, 1301 (E.D.N.C.1996), *aff'd*, 110 F.3d 1562, 1572 (Fed.Cir.1997) (quoting *Nat'l Polymer Products v. Borg–Warner Corp.*, 641 F.2d 418, 421 (6th Cir.1981)).

9. The request came even after some transcripts were already available to the public. *See infra* at 619–20.

10. Trial began on May 3, 2011, and the Motion to Restrict was not filed until March 6, 2012. *See supra* note 9 and accompanying text.

11. *See* Order 3–4, ECF No. 254; Order 3–4, ECF No. 256.

12. *See supra* Part III.A.

ist that could frustrate either one or both of the other two necessary predicates, without impacting the public's common law right of access to court records. The court will not seek to list all of the relevant possibilities, nor to comment on the availability or propriety of any particular method.[13] Indeed, the government's proposed restriction is the only conceivable option that would limit all public use of the transcripts in its quest to prevent possible misuse by a few.

Further, the transcripts from the first four days of the trial were available for download through PACER from January 31, 2012, until the court, unprompted, extended the deadline for release of all the transcripts on February 15, 2012. *See* Order, ECF No. 257. The government did not even file its Motion to Restrict until March 6, 2012. Thus, the court cannot say with any certainty that redaction of the witnesses' testimony at this juncture would alleviate the government's safety concerns, when non-parties have already had two weeks during which to access much of the information at issue.

### IV. Conclusion

The court finds that the government has not met its heavy burden of demonstrating that the common law right of access to the transcripts in this case is outweighed by its expressed concerns about the impact of electronic access on witness safety. In sum, the government's request is too broad and too late, and the court **DENIES** the government's Motion to Restrict. The trial transcripts are currently set to be released electronically, via PACER, on May 16, 2012. The Clerk **SHALL** send a copy of this Opinion and Order to defen-

---

**13.** But by way of example, a restriction during the defendant's incarceration that prohibits the defendant from receiving copies of the transcript from a non-party would be equally successful in preventing further intimidation.

dant, appellate defense counsel, and the United States Attorney at Newport News.

**IT IS SO ORDERED.**

Alternatively, a lesser redaction of only the witnesses' identifying information from the trial transcripts would strip the documents themselves of any value for intimidation or harassment.